1  DEAN S. KRISTY (CSB NO. 157646)
   dkristy@fenwick.com
2  SUSAN S. MUCK (CSB NO. 126930)
   smuck@fenwick.com
3  JENNIFER BRETAN (CSB NO. 233475)
   jbretan@fenwick.com
4  JAMES J. VARELLAS III (CSB NO. 253633)
   jvarellas@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, California  94104
   Telephone:     (415) 875-2300
7  Facsimile:     (415) 281-1350

8  Attorneys for Defendants Michael J. Mendes,
   Steven M. Neil, Laurence M. Baer, Edward A.
9  Blechschmidt, John J. Gilbert, Robert M. Lea,
   Glen C. Warren, Jr., Richard G. Wolford, Robert J.
10 Zollars and Nominal Defendant Diamond Foods, Inc.

11

12                 UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15 BOARD OF TRUSTEES OF CITY OF          Case No.: CV-11-05692 WHA
   HIALEAH EMPLOYEES' RETIREMENT
16 SYSTEM, derivatively on behalf of Diamond   **MOTION FOR ADMINISTRATIVE**
   Foods, Inc.,                          **RELIEF TO ADJOURN CASE**
17                                        **MANAGEMENT CONFERENCE**
                                          **DATE AND ASSOCIATED**
18               Plaintiff,               **DEADLINES**

19        v.                              **(Civil Local Rules 6-3, 7-11 and 16-2)**

20 MICHAEL J. MENDES, STEVEN M. NEIL,
   LAURENCE M. BAER, EDWARD A.
21 BLECHSCHMIDT, JOHN J. GILBERT,
   ROBERT M. LEA, GLEN C. WARREN, JR.,   Judge: The Honorable William H. Alsup
22 RICHARD G. WOLFORD and ROBERT J.
   ZOLLARS,                              Date Action Filed:  November 28, 2011

23               Defendant.

24        -and-

25 DIAMOND FOODS, INC.

26               Nominal Defendant.

27

28

| | |
|---|---|
| DAVE LUCIA, derivatively on behalf of DIAMOND FOODS, INC.,<br><br>        Plaintiff,<br><br>      vs.<br><br>LAURENCE M. BAER, EDWARD A. BLECHSCHMIDT, JOHN J. GILBERT, ROBERT M. LEA, MICHAEL J. MENDES, JOSEPH P. SILVEIRA, STEVEN M. NEIL, GLEN C. WARREN, JR., RICHARD G. WOLFORD, and ROBERT J. ZOLLARS,<br><br>        Defendants,<br><br>       - and -<br><br>DIAMOND FOODS, INC.,<br><br>        Nominal Defendant. | Case No.: CV-11-06417 WHA<br><br>Judge: The Honorable William H. Alsup<br><br>Date Action Filed:  December 19, 2011 |

Defendants Michael J. Mendes, Steven M. Neil, Laurence M. Baer, Edward A. Blechschmidt, John J. Gilbert, Robert M. Lea, Glen C. Warren, Jr., Richard G. Wolford, Robert J. Zollars and Nominal Defendant Diamond Foods, Inc. ("Defendants") hereby move, pursuant to Civil Local Rules 6-3, 7-11 and 16-3 to adjourn the February 16, 2012 Case Management Conference in the captioned derivative actions.  As set forth below, the initial case management conference should be adjourned because:  (a) the cases have not yet been consolidated and no consolidated amended complaint has been filed; (b) the parties previously agreed that no response to the underlying complaints is due until after a consolidated amended complaint is on file; (c) plaintiffs have purported to plead derivative claims under Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") and accordingly the cases are subject to the mandatory stay provisions of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995) (the "Reform Act"); and (d) as this Court has already found, the derivative actions are related to earlier filed consolidated class action litigation, *In re Diamond Foods, Inc. Securities Litigation*, Case No. CV 11-05386 WHA (the "Securities Class Action"), and the derivative suits should follow, or at least be coordinated with, the pending Securities Class Action.  Moreover, by Order to Show Cause issued on February 7, 2012, this Court has asked the parties to consider whether a lead plaintiff and lead counsel process should be followed here, further supporting the notion that a case management conference is premature.  For these reasons, the Case Management Conference should be adjourned to a future date.

## I.  PROCEDURAL BACKGROUND

Prior to the filing of these derivative actions, several alleged class actions asserting violations of the federal securities laws were filed in this Court against Diamond Foods, Inc. ("Diamond" or the "Company") and two of its executive officers.  Those cases were recently consolidated and are subject to the requirements of the Reform Act, which mandates specialized procedures for the administration of securities class actions.  Motions for appointment of a lead plaintiff in the Securities Class Action have been filed and are set for hearing on March 1, 2012.  Thereafter, lead counsel will be appointed and a single consolidated securities class action complaint will be filed.   In light of these procedural requirements, the Court has adjourned the

1  case management conference date and associated deadlines previously set for February 16, 2012

2  in the Securities Class Action.

3          In addition to the Securities Class Action, prior to the filing of the first derivative action in

4  this Court, two purported shareholder derivative actions (naming the same parties as those here

5  and focusing on substantially the same transactions and events) were filed in the Superior Court

6  of California, County of San Francisco (later consolidated with a third suit) (the "State Derivative

7  Action"). A consolidated complaint in the State Derivative Action is expected to be filed shortly.

8  Accordingly, the captioned federal derivative suits are the last in three sets of cases relating to

9  these subject matters.

10          Not surprisingly, the federal derivative actions rely heavily on the allegations in the

11  Securities Class Action, involve common questions of law and fact and largely echo the

12  allegations in the prior-filed State Derivative Action. Indeed, along with related claims for breach

13  of fiduciary duties based on the same transactions and events, the federal derivative actions seek

14  to assert claims under Section 14(a) of the Exchange Act.

15          By Orders dated December 21, 2011 and January 13, 2012, this Court related the federal

16  derivative actions to each other as well as to the cases comprising the Securities Class Action and

17  reset the deadlines for the Initial Case Management Conferences to coincide with the then-

18  existing schedule for the Securities Class Action, as follows:

19          1.      February 9, 2012 for the parties to file a Rule 26(f) Report, complete initial

20                  disclosures or state objection in Rule 26(f) Report and file a Case Management

21                  Statement; and

22          2.      February 16, 2012 at 11:00 a.m. for an initial case management conference.[1]

23          However, and in light of the timing of the hearing on lead plaintiff and appointment of

24  lead counsel, this Court later vacated these previously set case management deadlines in the

25  Securities Class Action, ordering the dates to be rescheduled following the filing of a

26  consolidated complaint in that matter. (January 27, 2012 Order, Case No. 11-CV-05386, Docket

27

28  _____
[1] The original case management conference dates in the two federal derivative cases were April 5, 2012 and May 10, 2012.

No. 65).  On January 31, 2012, the parties in the federal derivative actions submitted a stipulation and proposed order to consolidate the actions and to set a schedule for the filing of a consolidated complaint. (Dkt. 113 (*Hialeah*); Dkt.  21 (*Lucia*)).   That stipulation and proposed order is currently pending before the Court.[2]   As such, at present, there is no consolidated amended complaint on fileand by this motion, Defendants similarly seek rescheduling as to the case management schedule in the derivative suits.

**II.     ARGUMENT**

> **A.     The Current Case Management Schedule Is Premature And Should Be Continued**

The current case management schedule and associated deadlines in the federal derivative actions are premature for a number of reasons.

*First*, the case management deadlines were initially reset by the Court to coincide with the case management deadline in the Securities Class Action which has since been vacated by this Court and is pending rescheduling.

*Second,* as provided in Civil Local Rule 16-2, the Initial Case Management Conference in a matter shall be set for a date "that is not less than 90 days after the action was filed."  Consistent with the Local Rule, as to the captioned derivative actions (filed November 28, 2011 and December 19, 2011), the Court initially set the Initial Case Management Conference for April 5, 2012 and May 10, 2012, respectively.  But under the current schedule the parties in *Hialeah* are being required to address case management and related matters some *two months prior* to the original deadline and in the *Lucia* action, the parties are being required to address such matters *three months earlier* than under the original schedule.

*Third*, a stipulation and proposed order to consolidate the federal derivative actions is

---

[2] On February 7, 2012, the Court also issued an Order to Show Cause (Dkt. 24) as to why co-lead plaintiffs and co-lead counsel should be appointed and why the Court should not first consider motions to appoint lead plaintiff and lead counsel.  Defendants support a process whereby motions for lead plaintiff and lead counsel should proceed with respect to consolidation of these matters (indeed, such a process may facilitate a single forum for derivative suits, rather than the bifurcated state and federal proceedings currently pending).  Should the Court move forward with such motions, presumably no consolidated amended complaint will be filed until lead plaintiff and lead counsel is appointed, providing a further reason to adjourn the Case Management Conference and associated deadlines at this time.

currently pending before this Court.  Because the anticipated consolidated amended complaint has yet to be filed (and the parties have agreed that no response to the underlying complaints is due until after a consolidated amended complaint is filed), requiring the parties to set out their positions on various matters in the initial case management statement in accordance with Rule 26 of the Federal Rules of Civil Procedure or with respect to any associated ADR Multi-Option Program deadlines is also premature.

*Lastly*, holding the case management conference in the federal derivative actions prior to (and not even in conjunction with) the initial case management conference in the Securities Class Action will be premature and wasteful of the Court's and the parties' resources.  Indeed, the federal derivative actions extensively rely on the allegations in the Securities Class Action and, like the securities claims, the derivative claims are also subject to the Reform Act.  Coordination of the case management deadlines in these cases before this Court promotes both judicial and party efficiency and allocation of resources.

For all of these reasons, counsel for Defendants wrote to plaintiffs' counsel in the captioned actions on February 3, 2012, asking them to agree to adjourn the initial case management conference in light of the Court's having vacated case management conference in the Securities Class Action and given plaintiffs' plans to file a consolidated amended complaint.  Toward that end, Defendants' counsel forwarded a stipulation and proposed order continuing the case management conference and associated deadlines. *See* Declaration of Jennifer Bretan In Support Of Motion For Administrative Relief To Adjourn Case Management Conference Date and Associated Deadlines ("Bretan Decl.), ¶¶ 3-6.  Plaintiffs' counsel rejected the request and would not agree to adjust the case management schedule. Bretan Decl. ¶¶ 6-7.[3] Defendants are therefore forced to move for the instant relief.  *Id.*

[3] If plaintiffs are seeking to press forward with the Case Management Conference either to "get ahead" of the earlier-filed state court derivative plaintiffs, or to raise potential "conflict" issues which they claim arise by virtue of one firm appearing now on behalf of all defendants in the derivative suits, neither reason is appropriate.  As to the former, neither the Court nor the parties should be burdened while plaintiffs in two different courts jockey for position to control the same claims.  As to the latter, at this preliminary stage, it is common for one firm to appear in the interests of efficiency where all parties share a common interest on timing and procedural issues (such as demand futility).  Should circumstances change as the matters proceed then of course it would be appropriate and necessary to evaluate whether separate counsel must appear.

III.     **CONCLUSION**

In light of the foregoing, Defendants ask that their administrative motion be granted and propose that (i) the Initial Case Management Conference scheduled for February 16, 2012 in each of the federal derivative actions be adjourned and rescheduled for a date that is 90 days after the filing of the consolidated amended complaint or such other time as the Court shall determine to be appropriate; and (ii) all associated deadlines under the Civil Local Rules, Rule 26 and the ADR Multi-Option Program likewise be deferred.   A Proposed Order Reflecting this schedule is attached hereto as **Exhibit A**.

Dated: February 7, 2012              FENWICK & WEST LLP

                                     By: /s/ *Jennifer C. Bretan*
                                         Jennifer C. Bretan, Esq.

                                     555 California Street, 12th Floor
                                     San Francisco, California  94104
                                     Telephone:  (415) 875-2300
                                     Facsimile:   (415) 281-1350

                                     Attorneys for Defendants Michael J. Mendes, Steven
                                     M. Neil, Laurence M. Baer, Edward A.
                                     Blechschmidt, John J. Gilbert, Robert M. Lea, Glen
                                     C. Warren, Jr., Richard G. Wolford, Robert J. Zollars
                                     and Nominal Defendant Diamond Foods, Inc.

# Exhibit A

1 | DEAN S. KRISTY (CSB NO. 157646)
dkristy@fenwick.com
2 | SUSAN S. MUCK (CSB NO. 126930)
smuck@fenwick.com
3 | JENNIFER BRETAN (CSB NO. 233475)
jbretan@fenwick.com
4 | JAMES J. VARELLAS III (CSB NO. 253633)
jvarellas@fenwick.com
5 | FENWICK & WEST LLP
555 California Street, 12th Floor
6 | San Francisco, California  94104
Telephone:    (415) 875-2300
7 | Facsimile:    (415) 281-1350

8 | Attorneys for Defendants Michael J. Mendes,
Steven M. Neil, Laurence M. Baer, Edward A.
9 | Blechschmidt, John J. Gilbert, Robert M. Lea,
Glen C. Warren, Jr., Richard G. Wolford, Robert J.
10 | Zollars and Nominal Defendant Diamond Foods, Inc.

11

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

SAN FRANCISCO DIVISION

15

| BOARD OF TRUSTEES OF CITY OF | Case No.: CV-11-05692 WHA |
| HIALEAH EMPLOYEES' RETIREMENT | |
| SYSTEM, derivatively on behalf of Diamond | **[PROPOSED] ORDER GRANTING** |
| Foods, Inc., | **MOTION FOR ADMINISTRATIVE** |
| | **RELIEF TO ADJOURN CASE** |
| Plaintiff, | **MANAGEMENT CONFERENCE** |
| | **DATE AND ASSOCIATED** |
| v. | **DEADLINES** |
| | |
| MICHAEL J. MENDES, STEVEN M. NEIL, | |
| LAURENCE M. BAER, EDWARD A. | |
| BLECHSCHMIDT, JOHN J. GILBERT, | |
| ROBERT M. LEA, GLEN C. WARREN, JR., | Judge: The Honorable William H. Alsup |
| RICHARD G. WOLFORD and ROBERT J. | |
| ZOLLARS, | Date Action Filed:  November 28, 2011 |
| | |
| Defendant. | |
| | |
| -and- | |
| | |
| DIAMOND FOODS, INC. | |
| | |
| Nominal Defendant. | |

16

17

18

19

20

21

22

23

24

25

26

27

28

| DAVE LUCIA, derivatively on behalf of DIAMOND FOODS, INC., | Case No.: CV-11-06417 WHA |
|---|---|

DAVE LUCIA, derivatively on behalf of
DIAMOND FOODS, INC.,

                    Plaintiff,

          vs.

LAURENCE M. BAER, EDWARD A.
BLECHSCHMIDT, JOHN J. GILBERT,
ROBERT M. LEA, MICHAEL J. MENDES,
JOSEPH P. SILVEIRA, STEVEN M. NEIL,
GLEN C. WARREN, JR., RICHARD G.
WOLFORD, and ROBERT J. ZOLLARS,

                    Defendants,

                    - and -

DIAMOND FOODS, INC.,

                    Nominal Defendant.

Case No.: CV-11-06417 WHA

Judge: The Honorable William H. Alsup

Date Action Filed:  December 19, 2011

ORDER GRANTING MOTION FOR
ADMINISTRATIVE RELIEF

1    On February 7, 2012, Defendants Michael J. Mendes, Steven M. Neil, Laurence M. Baer,

2    Edward A. Blechschmidt, John J. Gilbert, Robert M. Lea, Glen C. Warren, Jr., Richard G.

3    Wolford, Robert J. Zollars and Nominal Defendant Diamond Foods, Inc. ("Defendants") filed a

4    Motion For Administrative Relief To Adjourn Case Management Conference Date and

5    Associated Deadlines (the "Motion") pursuant to Civil Local Rules 6-3, 7-11 and 16-3, seeking to

6    adjourn the February 16, 2012 Case Management Conference and associated deadlines in each of

7    the above captioned derivative actions.  The matter having been submitted and, after considering

8    the Motion, all papers filed in support and in opposition thereof, and all other matters on file in

9    the actions and presented to the Court, IT IS HEREBY ORDERED THAT:

10   1.    The Motion is granted;

11   2.    The Initial Case Management Conference scheduled for February 16, 2012 in each

12   of the above captioned actions is adjourned and shall be rescheduled for a date that is 90 days

13   after the filing of the consolidated amended complaint or such other time as the Court determines

14   to be appropriate; and

15   3.    In light of the adjournment of the Initial Case Management Conference, all

16   associated deadlines under the Civil Local Rules, Rule 26 of the Federal Rules of Civil Procedure

17   and the ADR Multi-Option Program are deferred and will be rescheduled in accordance with the

18   date of the Initial Case Management Conference as ordered by the Court.

19   IT IS SO ORDERED.

20

21   Dated: _____          _____
                                          The Honorable William H. Alsup
22                                        United States District Judge

23

24

25

26

27

28

ORDER GRANTING MOTION FOR          1          Case No.: CV-11-05692 WHA
ADMINISTRATIVE RELIEF                         Case No.: CV-11-06417 WHA