IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DIAMOND FOODS, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>All Actions.<br>_____/ | No. C 11-05692 WHA<br><br>**ORDER DENYING PLAINTIFF DAVE LUCIA'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE SANCTIONED** |

## INTRODUCTION

This shareholder derivative action was dismissed for lack of subject-matter jurisdiction and judgment was entered in May 2012. Plaintiff Dave Lucia appealed. While the appeal has been pending, Lucia filed a motion seeking an order to show cause why defendants and their counsel should not be sanctioned for engaging in settlement discussions in related derivative actions currently pending in various state and federal courts. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

One of the problems in both putative class action and putative derivative actions is the risk of a collusive settlement, meaning one in which the interests of the absent class member or shareholder are sold short while the lawyer obtains a handsome fee from defendants. One way in which this can be attempted is where a defense counsel learns of potentially disqualifying information against the putative representative and approaches a plaintiff's counsel with an offer to not reveal the information to the judge and to not oppose class certification on that ground in exchange for a sweetheart settlement. In this way the defendant wipes the class-wide liability off its books for less than fair value while the lawyer walks away with a nice fee. Most plaintiff's

counsel would not engage in such a compromise but, sadly, this type of collusion occurs more often than it should.

As a check against this problem, the undersigned judge gives early notice in all putative class and derivative actions that counsel may *not* engage in settlement negotiations until (i) after a class has been certified, and the representative has been found adequate, and class counsel has been appointed or (ii) interim counsel has been appointed under Rule 23(g)(3) (*see, e.g.*, order scheduling hearing on motions to appoint lead plaintiff, filed in this case at Docket No. 9; transcript of case management conference at Docket No. 50). Once the representative and counsel are so appointed, of course, it becomes his or her duty to consider the advisability (or not) of settlement on behalf of a class. After the representative and class counsel are vetted under Rule 23, any settlement will be untainted by compromises based on standing or qualifications and will be based on the potential merits of the class claims and other legitimate considerations such as the cost of class-wide litigation. Put differently, why should a class member's claim be compromised on account of a lack of standing or other disqualifying characteristics of a supposed representative? It should not be, of course, and any class settlement should be based on the potential merits and other legitimate considerations of cost.

The instant action is a shareholder derivative action brought by plaintiffs Board of Trustees of City of Hialeah Employees' Retirement System ("Hialeah") and David Lucia against a number of Diamond Foods, Inc.'s current and former officers and directors, principally based on the company's accounting for payments to walnut growers. In conformance with the practice described above, the Court early on advised counsel in this putative derivative action not to engage in settlement discussions until after, if ever, the case went forward under Rule 23.1. By so doing, the Court was trying to guard against a compromise of potentially legitimate representative claims via discount for lack of subject-matter jurisdiction. In fact, the Court eventually ruled that subject-matter jurisdiction was lacking due to the failure to state a claim under Section 14(a) of the Exchange Act. As subject-matter jurisdiction was premised on that federal claim, the Court declined to exercise supplemental jurisdiction over the remaining state law claims, particularly

2

"[i]n light of the fact that there are [already] almost identical state suits pending before Judge Richard Kramer . . . " (Dkt. No. 90). That order and judgment are now on appeal.

Meanwhile, however, the same defendants (or some of them) have been sued in other actions in state courts. As noted in the Court's May 29 order granting the motion to dismiss, there were a number of identical state lawsuits pending in California state court, which were filed prior to Lucia's federal derivative action. Those suits have since been consolidated in an action before Judge Richard Kramer in San Francisco County Superior Court, captioned *In re Diamond Foods, Inc. Shareholder Derivative Litigation*, No. CGC-11-515895 (Cal. Super. Ct. 2011). Following this Court's dismissal of the federal derivative action, plaintiffs Lucia and Hialeah filed derivative actions in Delaware Court of Chancery, which consolidated their actions. In addition to the Delaware and California state court actions, there is a related securities fraud class action pending before the undersigned judge. *In re Diamond Foods, Inc. Sec. Litig.*, No. 11-cv-5386-WHA (N.D. Cal. 2011). That action has passed the Rule 12 and lead plaintiff stages, but not the class certification stage. Finally, there is an action in Delaware Chancery Court under Delaware state law related to inspection demands for books and records. *Astor BK Realty Trust v. Diamond Foods, Inc.*, No. 7272-ML (Del. Ch. 2012).

Although the instant case is entirely on appeal now, counsel for plaintiff Lucia have now brought a motion herein asking the Court to issue an order to show cause why defendants should not be held in contempt for engaging in settlement discussions with counsel in these *other* actions. If another derivative action has been allowed to go forward by another judge, then it would be the duty of counsel in that action to at least consider settling the corporation's claim just as it would be his or her duty to consider preparing the case for a full-blown trial. The order in the instant action postponing settlement negotiations was aimed at doing so until after it was determined that the representative herein was in a position to negotiate on the merits without discount for extraneous matters unique to the representative such as lacking subject-matter jurisdiction. If some other representative in some other proceeding has already cleared that hurdle or otherwise has the green light from that judge to negotiate as a representative, then let them do so. The order herein only barred negotiation before the instant parties to the instant case.

3

It did not and does not purport to bar representative negotiations between parties being supervised by another judge elsewhere. Any such settlement would have to be approved by that judge, not the undersigned. This is not a situation, as far as can be judged on this record, where those parties contrived jurisdiction elsewhere in order to evade the order herein, for the other state court derivative actions were already pending before plaintiffs filed this federal "me-too" derivative action.

For the foregoing reasons, the motion is **DENIED**. The hearing scheduled for February 28 is **VACATED**.

**IT IS SO ORDERED.**

Dated: February 22, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE